## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

|  |  |
|---|---|
| **KAMINO LLC,** | |
| Plaintiff | **Case No. 6:20-cv-00519** |
| v. | **JURY TRIAL DEMANDED** |
| **DYNABOOK, INC. AND INNOLUX CORP.** | |
| Defendants | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Kamino LLC ("Plaintiff" or "Kamino") hereby asserts the following claims for patent infringement against Defendants Dynabook, Inc. and Innolux Corp. (collectively "Defendants"), and alleges, on information and belief, as follows:

## THE PARTIES

1.      Kamino is a limited liability company organized and existing under the laws of the Texas with its principal place of business at 17330 Preston Road, Suite 200D, Dallas, Texas 75252.

2.      On information and belief, Defendant Dynabook, Inc. is a corporation organized and existing under the laws of Japan, with its principal place of business at NBF Toyosu Garden Front Bldg., Toyosu 5-6-15, Koto-ku, Tokyo, Japan.

3.      On information and belief, Defendant Innolux is a Chinese company having a principal place of business at No.160, Kesyue Rd., Jhunan Science Park, Miaoli County 35053, Taiwan.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.      Defendants have committed acts of infringement in this judicial district.

6.      On information and belief, the Court has personal jurisdiction over Defendants because Defendants have committed, and continue to commit, acts of infringement in the state of Texas, have conducted business in the state of Texas, and/or have engaged in continuous and systematic activities in the state of Texas.

7.      On information and belief, Defendants' instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Western District of Texas.

8.      Venue is proper as to Defendants in this District under 28 U.S.C. § 1391(c) because, inter alia, Defendants are a foreign corporation.

## THE PATENT-IN SUIT

9.      On August 20, 2002, United States Patent No. 6,435,686 (the "'686 patent"), entitled "Light Conducting Plate for a Back Lighting Device and Back Lighting Device," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '686 patent is attached hereto as Exhibit A.

10.     Kamino is the assignee and owner of the right, title and interest in and to the '686 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,435,686

11.     Kamino repeats and realleges the allegations of paragraphs 1 through 10 as if fully set forth herein.

12.     Claim 1 of the '686 Patent recites:

1. A light conducting plate for a back lighting device, comprising:

a light-inlet end face for introducing light emitted from a light source to be disposed facing said light conducting plate;

a reflecting face for reflecting the light introduced through said light-inlet end face; and

a light-outlet face disposed opposite to said reflecting face for allowing the light reflected from the reflecting face to emit therethrough,

wherein said reflecting face includes a light-scattering region and a remainder region, and the remainder region is located on a side near to said light-inlet end face.

13.     Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe the '686 patent by making, using, importing, offering for sale, and/or selling products, such as the Tecra C40 D1414 products (the "Accused Products").

14.     As exemplified below, the Accused Products includes a light conducting plate as claimed by the '686 Patent.

*1. A light conducting plate for a back lighting device, comprising:*

The Accused Instrumentality includes a light conducting plate for a back lighting device.



https://www.amazon.com/dp/B082QXTQX6/ref=pe_2640190_232748420_TE_item

The light conducting plate of the Accused Instrumentality is part of display apparatus.

The light conducting plate includes a light-inlet end face, a reflecting face, and a light

outlet face. The reflecting face includes a light-scattering region and a remainder region.





*a light-inlet end face for introducing light emitted from a light source to be disposed facing said light conducting plate;*

The Accused Instrumentality includes a light-inlet end face for introducing light emitted from a light source.



Light Inlet Face





*a reflecting face for reflecting the light introduced through said light-inlet end face; and*

The Accused Instrumentality includes a reflecting face for reflecting the light introduced

through the light-inlet end face.







*a light-outlet face disposed opposite to said reflecting face for allowing the light reflected from the reflecting face to emit therethrough,*

The Accused Instrumentality includes a light-outlet face disposed opposite to the

reflecting face for allowing the light reflected from the reflecting face to emit therethrough.





*wherein said reflecting face includes a light-scattering region and a remainder region, and the remainder region is located on a side near to said light-inlet end face.*

15.     The reflecting face includes a light-scattering region and a remainder region. The remainder region is located on a side near to the light-inlet face Kamino is entitled to recover from Defendants the damages sustained by Kamino as a result of Defendants' infringement of the '686 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Kamino requests that this Court enter judgment against Defendants as follows:

A.     An adjudication that Defendants have infringed the '686 patent;

B.     An award of damages to be paid by Defendants adequate to compensate Kamino for Defendants' past infringement of the '686 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.     A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Kamino's reasonable attorneys' fees; and

D.     An award to Kamino of such further relief at law or in equity as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury, Under Fed. R. Civ. P. 38.

Dated:  June 11, 2020

Respectfully Submitted

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2200
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF**